UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON G. BENDER,

    Petitioner,

    v.

WARDEN, LONDON CORRECTIONAL
INSTITUTION,

    Respondent.

**CASE NO. 2:21-cv-00469**
**JUDGE MICHAEL H. WATSON**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On June 22, 2021, the Magistrate Judge issued a Report and
Recommendation ("R&R") recommending that the petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 14. Petitioner has
filed an Objection to the Magistrate Judge's R&R. ECF No. 16. Pursuant to 28
U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons
that follow, Petitioner's Objection, ECF No. 16, is **OVERRULED**. The R&R, ECF
No. 14, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Respondent's Motion to File Exhibits 33 and 34, ECF No. 15, is
**GRANTED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner is serving a thirty-year sentence on his April 24, 2019,
convictions after a jury trial in the Union County Court of Common Pleas on
felonious assault, kidnapping, rape, and having a weapon while under disability,

with specifications. *Judgment Entry of Sentence*, ECF No. 9.[1] The Ohio Court of Appeals affirmed the trial court's judgment. *State v. Bender*, 3rd Dist. No. 14-19-22, 2020 WL 995223 (Ohio Ct. App. Mar. 2, 2020). The Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Bender*, 159 Ohio St.3d 1447 (Ohio 2020). On February 2, 2021, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that his convictions violate the Confrontation Clause (claim one); that the alleged victim unconstitutionally testified as a court witness under Ohio Evidence Rules and he was denied the effective assistance of counsel when his attorney failed to object (claims two and three); and that the evidence is constitutionally insufficient to sustain his convictions (claim four). The Magistrate Judge recommended dismissal of all of these claims on the merits.

Petitioner objects. He disputes the factual findings of the state appellate court as inaccurate and the result of prosecutorial misconduct and judicial bias. Petitioner states that he never restrained the alleged victim with ropes, and he did not bind her with ratchet straps hanging from the ceiling. Petitioner complains that the sole evidence against him came from the S.A.N.E. nurse. According to Petitioner, the evidence indicates that he engaged in consensual sex with the alleged victim, who was homeless and came to his home for a place to sleep and sex. Petitioner argues that he would not have been convicted but

---

[1] Petitioner states that the prosecution dismissed all specifications prior to trial (Objection, Doc. 16, PAGEID # 1040), but the record indicates to the contrary.

for the improper conduct of the prosecution and his defense attorney. He again argues that the prosecution improperly requested that the alleged victim be declared as a court witness in order to establish his guilt.

Petitioner's allegations are without record support. It is Petitioner's burden to rebut the presumption of correctness afforded to the factual findings of the state appellate court. 28 U.S.C. § 2254(e)(1). He has failed to do so here. To the contrary, the alleged victim testified, *inter alia*, that she had dated the Petitioner since 2014 and lived with him on and off for some time. *Transcript*, ECF No. 9-2, PAGEID ## 632, 633. On the night in question, she had been temporarily staying with him so she could borrow his car to go to work. *Id.*, PAGEID ## 636–37. They got into an argument when she returned to the home. *Id.*, PAGEID ## 639–40. He ordered her into the basement, where he tied her up with ratchet straps and hung her, binding her feet, from a rafter. *Id.*, PAGEID ## 641–43. He beat her using his fists, a piece of wood, a pole, and the butt of a gun. *Id.*, PAGEID ## 643–44. He kicked her. *Id.*, PAGEID # 644. She had sex with him to calm him down. *Id.*, PAGEID # 646. This continued until the next morning when she was able to escape when he got into the bath. *Id.*, PAGEID ## 647, 649. For the reasons discussed by the state appellate court, *State v. Bender*, 3rd Dist. No. 14-19-22, 2020 WL 995223, at **6–9 (Ohio Ct. App. Mar. 2, 2020), this Court agrees that, construing the evidence in the light most favorable to the prosecution, it plainly is constitutionally sufficient to sustain Petitioner's convictions. The state appellate court did not contravene or unreasonably apply

federal law or base its decision on an unreasonable determination of the facts in light of the evidence presented so as to warrant relief. 28 U.S.C. § 2254(d). Petitioner's claim regarding the alleged violation of State evidentiary rules likewise does not provide him a basis for federal habeas corpus relief. 28 U.S.C. § 2254(a). Moreover, because the state appellate court found that the trial court properly called the alleged victim as the Court's witness under Ohio evidentiary rules, Petitioner cannot establish the ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 669 (1984).

For these reasons and for the reasons detailed in the Magistrate Judge's R&R, Petitioner's Objection, ECF No. 16, is **OVERRULED.** The R&R, ECF No. 14, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of

the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

IT IS SO ORDERED.

*/s Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**